## Fischer *v.* Riehl, Appellant.

*Equity—Equity jurisdiction—Account—Principal and agent.*

A bill in equity by a principal against an agent for an account is prima facie cognizable in equity, and the jurisdiction of equity is not subsequently ousted by the fact that the substantial contest between the parties finally narrows down to a single item.

Argued Nov. 4, 1907. Appeal, No. 126, Oct. T., 1907, by defendant, from decree of C. P. No. 3, Allegheny Co., Nov. T., 1905, No. 425, on bill in equity in case of George Fischer, Executor of John Fischer, deceased, v. Leonard Riehl. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity for an account. Before KENNEDY, P. J.

From the record it appeared that John Fischer and the defendant, Leonard Riehl, stood in the relation of father-in-law and son-in-law to each other. Riehl was also Fischer's agent under a power of attorney. The bill sought for an accounting for various items, but the contest finally narrowed down to the question as to whether Riehl was entitled to retain for his services $2,000 out of moneys which he had collected. The court disallowed the claim and entered a decree against the defendant for $2,000.

*Error assigned* was the decree of the court.

*Wm. M. Hall,* with him *O. P. Metcalf,* for appellant.—The plaintiff has an adequate remedy at law either in assumpsit or

trespass, and, the account being unilateral, not complicated, and not requiring discovery, equity has no jurisdiction : Paton v. Clark, 156 Pa. 49 ; Graham v. Cummings, 208 Pa. 516; Holland v. Hallahan, 211 Pa. 223.

*Samuel McClay*, of *Reed, Smith, Shaw & Beal*, with him *Alexander Gilfillan*, for appellee.—A bill in equity for an account can be maintained in this case : Bredin v. Kingland, 4 Watts, 420 ; McFadden v. Sallada, 6 Pa. 283 ; Reeside v. Reeside, 49 Pa. 322.

PER CURIAM, January 6, 1908 :

The bill being by a principal against an agent for an account was prima facie cognizable in equity. As stated by the learned judge below, the bill was " filed to compel an accounting by the defendant, not only of the moneys collected under the power of attorney mentioned, but also of the investments named ; and it is sought in said account to have the defendant surcharged with the investments claimed to be worthless." There was no denial of the duty to account but a dispute as to some of the items of plaintiff's claim, and an averment of a settlement. The issue, therefore, was one calling for an account, and the fact that the substantial contest finally narrowed down to a single item did not oust the jurisdiction of equity which had attached on the face of the pleadings.

Decree affirmed.